Barbara J. Duffy, WSBA No. 18885
LANE POWELL PC
1420 Fifth Avenue, Suite 4100
Seattle, Washington 98101-2338
Telephone: 206.223.7000
Facsimile: 206.223.7107

Attorneys for Defendant
Ingenix, Inc.

HONORABLE FRED VAN SICKLE

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

MELVIN OTT,

                Plaintiff,

v.

INGENIX, INC.,

                Defendant.

No. CV-07-201-FVS

**[PROPOSED] STIPULATION AND PROTECTIVE ORDER**

## STIPULATION

The parties, by and through their undersigned attorneys of record, hereby stipulate and agree to the terms and conditions set forth below in the Order accompanying this stipulation, and request the Court to enter a Protective Order in accordance with these terms and conditions and pursuant to Federal Rules of Civil Procedure 26(c) and 29.

//
//
//

STIPULATION AND PROTECTIVE ORDER- 1
Case No. CV-07-201-FVS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122883.0001/1419827.1

1  DANO GILBERT & AHREND PLLC    LANE POWELL PC

2

3
   By *s/ George M. Ahrend*                By s/Barbara J. Duffy
4  George M. Ahrend                        Barbara J. Duffy, WSBA No. 18885
   Attorneys for Plaintiff Melvin Ott      Attorneys for Defendant Ingenix, Inc.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

STIPULATION AND PROTECTIVE ORDER- 2        **LANE POWELL PC**
Case No. CV-07-201-FVS                     1420 FIFTH AVENUE, SUITE 4100
                                           SEATTLE, WASHINGTON 98101-2338
                                           206.223.7000 FAX: 206.223.7107

122883.0001/1419827.1

**ORDER**

IT IS HEREBY ORDERED that a Protective Order ("Order") based upon the terms and conditions stipulated and agreed to by the parties is hereby entered as follows:

1.  The terms and conditions of this Order as set out in the following paragraphs are applicable to the parties, including their attorneys, staff and all expert witnesses retained on the parties' behalf.

2.  As used in this Order, the term "document" includes electronically stored information and has the same meaning as in Fed.R.Civ.P. 34.

3.  This Order shall apply to internal corporate documents, including but not limited to financial information, proposals, bids, policies, guidelines, manuals, procedures and all other documents which a party customarily treats as proprietary, confidential or competition sensitive, which are hereby designated as "CONFIDENTIAL" in accordance with the terms of this Order. By future stipulation of all parties, additional documents and materials may also be designated as "CONFIDENTIAL." This Order shall not apply to documents submitted by Ingenix or its affiliates to any State or Agency unless exempt from public disclosure laws. If a document submitted by Ingenix or its affiliates to any State or Agency is marked "CONFIDENTIAL," then Ingenix shall identify the basis for the claim of exemption under applicable public disclosure laws at the time of production.

4.  Documents shall be designated as protected information within the meaning of this Order by either party prior to its production by placing on the document the legend "CONFIDENTIAL."

5.  Any document marked "CONFIDENTIAL" and the information contained therein shall not be discussed, loaned or otherwise disseminated to

STIPULATION AND PROTECTIVE ORDER- 3
Case No. CV-07-201-FVS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122883.0001/1419827.1

persons other than attorneys, their staff, or their duly retained experts in this litigation, and those employees or officers of a party who have a need to know such information in order to reasonably prosecute or defend this litigation. This paragraph shall not prohibit counsel from questioning witnesses about the contents of documents even if they are marked "CONFIDENTIAL."

6. The attorneys shall fully apprise and advise each person provided access to any "CONFIDENTIAL" document or information of all conditions and terms of this Order, and copies of this Order shall be sent to all expert witnesses along with the admonition that said experts are fully bound by the provisions of this Protective Order.

7. Each party's attorneys shall recover and destroy the originals and all copies of "CONFIDENTIAL" documents produced within forty-five (45) days after final judgment, final appeal, or other dismissal of this matter.

8. After final judgment, final appeal, or other dismissal is entered, attorneys for the parties shall make and file a declaration or affidavit stating that the terms of this Order have been observed and that "CONFIDENTIAL" documents produced have not been copied, discussed or otherwise disseminated to persons other than those authorized pursuant to paragraph five (5), above.

9. In the event that any party disputes a party's designation of a document as "CONFIDENTIAL," that party may request relief from the Court by requesting an order that the marked document is not confidential and should be removed from the purview of this Order; provided, however, any such request shall be initiated at least ninety (90) days prior to the trial date, or forty-five (45) days after production, whichever date is later.

10. To the extent that documents marked "CONFIDENTIAL" are contained in or attached to materials filed with the Court, such materials shall

STIPULATION AND PROTECTIVE ORDER- 4
Case No. CV-07-201-FVS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122883.0001/1419827.1

be filed under seal. The party filing the document shall put the following notation on the first page above the caption: <u>NOTE TO CLERK: FILE UNDER SEAL PURSUANT TO PROTECTIVE ORDER RE: CONFIDENTIAL DOCUMENTS.</u>

11. The agreement of the parties embodied in this Order does not constitute an admission or agreement that any document or information is subject to discovery, or is admissible as evidence, in this case. Designation of any information as subject to this Order shall have no meaning or effect whatsoever with respect to the substantive issues in this proceeding or the claims or defenses of any party hereto.

12. Any term of this Order may be modified by motion or stipulation of the parties.

DATED this 31st day of August, 2007.

s/ Fred Van Sickle
_____
THE HONORABLE FRED VAN SICKLE

Respectfully submitted by:

DANO GILBERT & AHREND PLLC          LANE POWELL PC

By <u>s/George M. Ahrend</u>                    By <u>s/Barbara J. Duffy</u>
George M. Ahrend                              Barbara J. Duffy, WSBA No. 18885
Attorneys for Plaintiff Melvin Ott            Attorneys for Defendant Ingenix, Inc.

STIPULATION AND PROTECTIVE ORDER- 5
Case No. CV-07-201-FVS

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

122883.0001/1419827.1