UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MELVIN OTT,<br><br>        Plaintiff,<br><br>    v.<br><br>INGENIX, INC.,<br><br>        Defendant. | No. CV-07-201-FVS<br><br>ORDER |

**THIS MATTER** came before the Court for oral argument on September 26, 2008, based upon the defendant's motion to dismiss the plaintiff's Lanham Act claim. The defendant was represented by Barbara Duffy; the plaintiff by George Ahrend.

**BACKGROUND**

Ingenix, Inc., is in the business of helping state agencies develop fee schedules. For a period of time, Ingenix employed Melvin Ott, Ph.D., as its "Director of Research and Database." Eventually, Dr. Ott left his job with Ingenix on amicable terms and began acting as a paid consultant to the company. While Dr. Ott was acting as a consultant, Ingenix submitted bids to agencies in several states in response to the agencies' requests for proposals regarding the development of fee schedules. Ingenix listed Dr. Ott as a consultant in its bids. He alleges that he allowed Ingenix to include his name in the bids only on the condition that the company hire him as a

ORDER - 1

consultant in the event that one of its bid was accepted.  As it turned out, the State of Montana awarded a project to Ingenix, but the company did not hire Dr. Ott to work on it.  This action followed.

**LANHAM ACT**

Dr. Ott alleges that Ingenix violated 15 U.S.C. § 1125(a)(1)(A) by falsely representing to the State of Montana that he would act as a consultant to the company in the event that a state agency hired the company to provide services to the state.  Section 1125(a)(1)(A) states in pertinent part:

> 1) Any **person** who, on or **in connection with** any goods or **services**, or any container for goods, **uses in commerce** any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or **false or misleading representation of fact**, which --
> (A) **is likely** to cause confusion, or to cause mistake, or **to deceive** as to the affiliation, connection, or association of such person with another person, or as to the origin, **sponsorship, or approval of his or her** goods, **services**, or commercial activities by another person, . . .
> . . . .
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

(Emphasis added.)  During oral argument, Dr. Ott described his claim in more detail.  He said he is alleging that (1) Ingenix (2) in connection with a proposal to provide services to the State of Montana (3) used in commerce (4) a false representation of fact, that was (5) likely to deceive Montana authorities (6) concerning his sponsorship or approval of Ingenix's proposal.  Dr. Ott argued that the preceding allegations are sufficient to state a claim for relief under § 1125(a)(1)(A).  As authority, he cited the *Restatement (Third) of*

ORDER - 2

*Unfair Competition* § 4 (1995).

**STANDING**

Dr. Ott alleges that Ingenix deceived Montana authorities; but as Ingenix observed during oral argument, the State of Montana is not seeking damages. Instead, it is Dr. Ott who is seeking damages based upon Ingenix's alleged deception. In view of this circumstance, the Court must determine whether he is the proper party to seek relief under the Lanham Act. In other words, does he have standing to bring a claim under § 1125(a)? *See Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir.2001).[1] "Standing has constitutional and prudential components." *Id.* At least three circuits have held that the doctrine of prudential standing applies to actions brought under the Lanham Act. *Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1163 (11th Cir.2007), *cert. denied*, --- U.S. ----, 128 S.Ct. 1647, 170 L.Ed.2d 385 (2008); *Procter & Gamble*, 242 F.3d at 562; *Conte Bros. Auto., Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 230 (3d Cir.1998). Although the Ninth Circuit has not employed the doctrine of prudential standing in the context of § 1125(a), the Ninth Circuit has held that a person seeking relief under § 1125(a) must have standing to bring the claim. "[D]ifferent causes of action alleged pursuant to the different subsections of 15 U.S.C. § 1125(a)

---

[1]This is a question which the Court must consider despite the fact that the parties did not discuss it in their memoranda. *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir.2001) ("[f]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing" (emphasis in original; internal punctuation and citation omitted)).

ORDER - 3

have different standing requirements." *Jack Russell Terrier Network of N. Cal. v. American Kennel Club, Inc.*, 407 F.3d 1027, 1037 (9th Cir.2005) ("*Jack Russell*").  Section 1125(a)(1)(B) is typically referred to as the "false advertising" prong.  *See, e.g., Barrus v. Sylvania*, 55 F.3d 468, 470 (9th Cir.1995).  Under § 1125(a)(1)(B), a plaintiff must demonstrate "(1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant."  *Jack Russell*, 407 F.3d at 1037.  Dr. Ott is not relying upon § 1125(a)(1)(B).  He is relying upon § 1125(a)(1)(A), which is typically referred to as the "false association" prong.  *See, e.g., Barrus*, 55 F.3d at 469.  Under § 1125(a)(1)(A), a plaintiff "need only allege commercial injury **based upon the deceptive use of** a trademark **or its equivalent** to satisfy standing requirements."  *Jack Russell*, 407 F.3d at 1037 (emphasis added).  The standard for false association claims is less demanding than the one that governs false advertising claims.  Even so, Dr. Ott cannot satisfy it.  At oral argument, he stated unequivocally that he is not alleging that his professional identity is the equivalent of a trademark.  Absent evidence that Ingenix's deception involved a trademark or its equivalent, Dr. Ott's alleged injury is insufficient to establish standing under § 1125(a)(1)(A).

**RESTATEMENT (THIRD) OF UNFAIR COMPETITION**

For essentially the same reason that Dr. Ott lacks standing, his reliance upon § 4 of the Restatement is misplaced.  Comment f to § 4 describes the types of conduct which that section addresses.  "This

ORDER - 4

Section affords protection," says comment f, "against both direct diversions of trade and harm to reputation and good will." *Restatement, supra*, § 4 cmt. f.  Diversion-of-trade and harm-to-reputation appear to be distinct concepts.  Regarding the former, comment f states:

> If the person falsely associated with the actor or with the actor's goods or services **is in competition** with the actor, reliance on the misrepresentation by prospective purchasers may divert trade from that person to the actor.  Subsequent dissatisfaction with the actor's goods or services may also result in harm to the other's reputation and good will.

*Id.* (emphasis added).  Dr. Ott was not competing with Ingenix for the Montana project.  To the contrary, he was willing, even eager, to help Ingenix obtain the project as long as Ingenix utilized his services.  Consequently, he is not alleging a competitive injury.  Nor is he alleging harm to his reputation:  a point that he emphasized during oral argument.  *Cf. Flynn v. AK Peters, Ltd.*, 377 F.3d 13, 18 (1st Cir.2004) (robotics scientist alleged that publisher's decision to list her as a coauthor of a revised edition of a book was likely to cause confusion among her peers and consumers).  Absent either a competitive injury or an injury to his reputation, his claim does not fall within the scope of § 4 of the Restatement.

This reading of the Restatement is consistent with the manner in which the Ninth Circuit interprets the Lanham Act.  Among other things, the Lanham Act covers certain false representations that are likely to deceive consumers with respect to a person's sponsorship or approval of services.  15 U.S.C. § 1125(a)(1)(A).  The deception that this section prohibits is deception which injures the person's

ORDER - 5

commercial interests. *See Waits v. Frito-Lay*, 978 F.2d 1093, 1107-10 (9th Cir.1992), *cert. denied*, 506 U.S. 1080, 113 S.Ct. 1047, 122 L.Ed.2d 355 (1993).  Ingenix may have deceived the State of Montana, but Dr. Ott has failed to offer evidence from which a rational jury could find that the deception damaged his business reputation or otherwise hindered his ability to compete in the marketplace.

**IT IS HEREBY ORDERED**:

1. Ingenix's motion for summary judgment on Dr. Ott's Lanham Act claim (**Ct. Rec. 11**) is **granted**.  This claim is dismissed with prejudice because he lacks standing to bring it.

2. The Court declines to exercise supplemental jurisdiction over Dr. Ott's state-law claims. 28 U.S.C. § 1367(c).  They are dismissed without prejudice.

3. Ingenix's motion for partial summary judgment on Dr. Ott's state-law claims (**Ct. Rec. 27**) is **denied** because those claims are no longer before the Court.

**IT IS SO ORDERED**.  The District Court Executive is hereby directed to file this order, enter judgment accordingly, furnish copies to counsel, and close the case.

**DATED** this ___30th___ day of September, 2008.

s/ Fred Van Sickle
Fred Van Sickle
Senior United States District Judge
